HENRY MARKS, Under Tutor, *v.* MARY A. and J. WITKOUSKI.—M. V. WITKOUSKI, Intervenor.

Where an under tutor acts collusively and corruptly to defraud the minor, it will justify his removal from office ; and damages will be awarded against him on proof of the loss sustained by his fraudulent conduct.

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J.

Jones & Dougherty, M. DuBose and C. A. DeFrance, for plaintiff and appellant. *Sparrow* and *Montgomery,* for appellees. *H. Short,* for intervenors.

BUCHANAN, J. Thomas Davis died in the Parish of Tensas, leaving a considerable estate in land and negroes, and several minor children. His widow, the natural tutrix of his children, having married again, was continued in the tutorship, and her second husband, Julius Witkouski, was joined with her in the tutorship. They applied for the sale of the minors' property, for the purpose of paying debts and effecting a partition. One of the minors, a married woman, assisted by her husband, joined in this application. The present plaintiff, under tutor of the minors Davis, signed a consent to the sale on the terms prayed for in the petition of tutrix, *" believing the same to be for their interest."* A family meeting was thereupon ordered to be convoked; which met, and advised the sale on the terms proposed; stating their reason for thus advising, to be, "that we think it will be to the interest and of evident advantage to said minors, to sell said property and invest the money as we have advised." The under tutor was not present at this family meeting. The Clerk having homologated the deliberations of the family meeting and ordered the sale to take place, the under tutor filed this suit or opposition by petition, alleging that the sale was illegal by reason of his (the under tutor's) absence from the family meeting; that the sale was unnecessary and prejudicial to the interest of the minors; that the object of the tutrix and co-tutor was, to defraud the minors Davis of their just rights to the estate of their father; that they had neglected to give security for their administration, and had maladministered the estate. This petition concluded by a prayer that the tutrix and co-tutor be cited; that the judgment homologating the proceedings of the family meeting be set aside; that the sale be declared prejudicial to the minors; and that the tutrix and co-tutor give security, or in default thereof, be dismissed from their said offices.

The evidence shows, also, that the under tutor appeared at the public crying, and notified the persons present that he opposed the sale; whereupon the crying and adjudication were postponed.

MARKS
v.
[WITKOUSKI.]

The defendants, and also the married heir, assisted by her husband, intervening herein, plead, that the opposition of the under tutor has its origin in a corrupt motive, to wit, to extort from the tutrix and co-tutor one-half of their commissions, and the payment of a certain note held by the under tutor against the defendants; that the proposed sale was necessary and advantageous to the minors; and that damage has been suffered by the estate through the opposition made by the plaintiff. They pray that he be deprived of the under-tutorship and sentenced to pay damages.

The judgment of the District Court ordered the sale to proceed in due course of law; dismissed the plaintiff and opponent from his office of under tutor; and condemned him to pay the estate of Thomas Davis, represented by the defendants, five hundred dollars as damages caused by the willful and ungrounded opposition to the sale of the property of the estate.

From this judgment, plaintiff has taken a devolutive appeal.

It is proved that the plaintiff not only gave his written consent to the sale, as above mentioned, but that he notified the counsel of the parties, that it would be impossible for him to be present at the family meeting; by reason of which declaration of plaintiff, his written consent was taken upon the petition for the sale. It is also proved, that plaintiff stated to various persons that there was an agreement that he should have half the commissions of administration for signing the bond; that this agreement not being kept, was the reason for his erasing his name as surety from the bond of administration of defendants, and for making this opposition to the sale.

This conduct of the plaintiff justifies his removal from the office of under tutor. But we are unable to concur in that part of the judgment appealed from, which awards pecuniary damages against the plaintiff. Those damages could only be due, upon a distinct and precise proof of loss sustained by the estate, through the plaintiff's acts. Now, true it is, that one witness on the trial below, estimates, in general terms, the damage to the estate from this cause at five hundred dollars. But on the other hand, we find it asserted by counsel of appellant, in his brief filed herein, on the 12th February, 1861, that the property in question has since been sold by order of court to effect a partition among the heirs, *and that it has been proved on the trial of another cause in the District Court, that the property sold for from five to seven per cent. more than it would have sold for, or was worth, at the time the sale was opposed. This difference in the amount of the inventories, say about $140,000, amounts to $7,000 to $10,000 gained by the opposition. The counsel adds: these facts will not be denied.* And in the brief submitted by the counsel of appellees, filed twelve days afterwards (on the 24th February) they have not been denied. The same fact was asserted in the oral argument by counsel of appellant, without opposition made to its statement by the opposite counsel.

It is, therefore, adjudged, that the judgment ordering the probate sale to proceed, and dismissing the plaintiff from the office of under tutor of the minors Davis, be affirmed; that so much of said judgment as condemns the minors Davis to pay five hundred dollars damages be reversed; that plaintiff and appellant pay costs of the court below; and that appellees pay costs of appeal.

VOORHIES, J., absent.